VERMONT SUPERIOR COURT
Environmental Division
32 Cherry St, 2nd Floor, Suite 303,
Burlington, VT  05401
802-951-1740
www.vermontjudiciary.org

Docket No. 23-ENV-00057



| Spaulding NOV Appeal |
| --- |

### ENTRY REGARDING MOTION

Motion:  Motion to Compel

Filer:  Courtney and Edward Spaulding, Appellants

Filed Date:  August 27, 2024

Memorandum in Opposition, filed on October 9, 2024 by Beriah Smith, Attorney for Town of Waitsfield.

Reply to Memo in Opposition, filed on October 23, 2024 by Appellants.

**The motion is DENIED.**

This is an appeal of a Town of Waitsfield (Town) Development Review Board (DRB) decision denying Edward and Courtney Spaulding's (together, Appellants) appeal of a February 13, 2023 Notice of Violation issued to them by the Town of Waitsfield Planning and Zoning Administrator regarding the placement of a storage container on their property at 31 Center Fayston Road, Waitsfield, Vermont (the Property) without a zoning permit and within the front setback of the Property on Center Fayston Road (the NOV).

Presently before the Court is Appellants' motion to compel the Town to respond to Appellants' discovery requests, which include 25 requests to produce and eight interrogatories.  The motion also asks the Court to impose sanctions for the Town's alleged noncompliance.

### Discussion

As we consider the pending motion to compel, we first note that the allowable scope of discovery in litigation is generally very broad.  Parties are permitted to make inquiries "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case."  V.R.C.P 26(b)(1).  Even if a discovery request targets information that would be inadmissible at trial, the information may be discoverable "if the information sought appears reasonably calculated to lead to the discovery of admissible evidence."  Id.  Lastly, this Court has

authority to limit discovery to "that which is necessary for a full and fair determination of the proceeding." V.R.E.C.P. 2(c).

The legal issues presented by the NOV on appeal and in Appellants' Statement of Questions frame what facts may be relevant to this litigation. See Vermont Turquoise Hospitality, LLC, No. 131-8-14 Vtec, slip op. at 3 (Vt. Super. Envtl. Div. Jun. 24, 2015) (Durkin, J.) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

On April 22, 2024, the parties filed a stipulated Statement of Questions which contained the following six Questions:

> (1)    Whether there was approval from the Town DRB in 2018 that authorizes the Storage Container/Storage trailer and its location at the Appellants' property?
> (2)    How does the Town's definition of a "structure" conform to other legal definitions of a "structure" and do these definitions apply to the Storage Container on the Appellants' property?
> (3)    Whether the Town Zoning Bylaws' setback requirements are unreasonable as applied to the Appellants and therefore violate the Appellants' constitutional property rights?
> (4)    Whether the Town's enforcement of its Bylaws against Appellants constitutes selective enforcement in a way that violates Appellants' right to equal protection of the law?
> (5)    Whether a road that is not laid out or surveyed can be used to measure a zoning setback?
> (6)    Should Center Fayston Road be used to determine the setback on the Appellant's property?

Stipulated Statement of Questions (filed April 22, 2024).

These Questions set the basis for what facts may be relevant before this Court in this appeal and, therefore, what would be discoverable under V.R.C.P. 26. In reviewing the pending motion to compel, for efficiency purposes, we group the discovery requests into several categories, and address their relevancy in turn.

Requests to Produce 1 through 4 generally seek historical documents, survey documents, and records relating to Jones Farm Access Road and Center Fayston Road, dating back to as early as 1825. The Town objects that these records are not relevant to any issue before the Court, and specifically are not necessary to determine setback distances central to the underlying NOV. We agree.

The Waitsfield Zoning Bylaws (the Bylaws), filed as Town Ex. A, do not distinguish between public and private roads for purposes of establishing setback distances. Bylaws § 7.02 ("Setback"). Thus, Appellants' requests relating to the public/private nature of Center Fayston Road and its ownership/history are not relevant to a determination of whether the at-issue storage container is

within the setback at the Property. Furthermore, it would be unduly burdensome, and disproportionate to the needs of this case, to require the Town to produce historical records dating back two hundred years. This is particularly true when the history of Center Fayston Road and Jones Farm Access Road, and its current ownership status, is not relevant under the underlying Bylaws. Accordingly, we **DENY** Appellants' motion to compel with respect to Requests to Produce 1 through 4.

Next, Requests to Produce 5 and 6 seek records relating to a settlement agreement allegedly between the Town and Appellants related to flood damages at the Property, including an investigation by the Town's attorney. The Town argues that the documents are not relevant, and they are subject to attorney-client privilege. In response, Appellants argue that these records are relevant to their recovery of damages. Furthermore, Appellants contend that the present action contravenes a previous settlement agreement between the parties. Neither of Appellants' arguments are relevant to the present action and, therefore, the sought documents are not discoverable.

First, this Court does not have the authority to award damages in this appeal of a notice of violation. The relief that this Court would be authorized to grant in this de novo appeal of the NOV would be limited to concluding that the NOV was issued improperly. In re Malav Inc. NOV Appeal, No. 22-ENV-00101 slip op. at 9 (Vt. Super. Ct. Envtl. Div. April 28, 2023) (Walsh, J.) (citation omitted). Second, to the extent that there is a settlement agreement which would or should have precluded the NOV, Appellants may present that agreement as an exhibit at trial, subject to any objections by the Town. However, we fail to see how the requested records are relevant to the Questions before the Court. Accordingly, we **DENY** Appellants' motion with respect to Requests to Produce 5 and 6.

Requests to Produce 7 and 8 seek documents and communications between the Town and Hardy Structural Engineering and Waite-Heindel Environmental Management, respectively. Appellants argue that these documents are relevant to this litigation pursuant to 4 V.S.A. § 1004, which generally addresses access to information before this Court in environmental enforcement actions brought pursuant to 10 V.S.A. Chapter 201. Appellants suggest that these requests are relevant to their health, safety, and welfare.

The pending action is not brought under 10 V.S.A. chapter 201. This NOV appeal is instead brought pursuant to 24 V.S.A. § 4451. Thus, § 1004 has no bearing on this action. Furthermore, Appellants' fail to explain to how these requests are related to their health, safety, and welfare, or to

3

the NOV before the Court. Accordingly, we **DENY** Appellants motion with respect to Requests to Produce 7 and 8.

Request to Produce 9 seeks complaints received by the Town regarding the storage unit which led the Town to issue the NOV. The Town responded to this Request to Produce stating that no such responsive records exist. In the pending motion, Appellants argue that the contents of any complaints were false and intended to cover up alleged fraud by the Town Zoning Administrator. Again, the Town has responded to this Request stating that they lack responsive documents. Accordingly, in answering this Request, we conclude that the Town complied with its discovery obligations. There is nothing for the Court to compel. We **DENY** Appellants' motion with respect to Request to Produce 9.

Requests to Produce 11 and 12 seek all federal and state policies on which the Town bases the Bylaws, as well as all selectboard meeting minutes and records relating to approval of the Bylaws. In justifying these requests, Appellants argue that the Bylaws are invalid if they are not based in federal and state policies. Appellants specifically cite to alleged U.S. Department of Transportation regulations related to ISO containers. This information is not relevant in this appeal.

The Town has responded to Request to Produce 11 stating that the Bylaws were adopted pursuant to Chapter 117 of Title 24. This Chapter is the authorizing statute by which municipalities in Vermont may adopt zoning regulations pursuant to the statutes and guidance therein. Appellants assert that this response is somehow insufficient because it allegedly ignores federal regulations related to ISO Containers, as regulated by the U.S. Department of Transportation. This Court has addressed the relevancy of these regulations and dismissed Appellants' Questions related thereto. Spaulding NOV Appeal, No. 23-ENV-00057 slip op. at 6 (Vt. Super. Ct. Envtl. Div. Jan. 18, 2024) (Walsh, J.) (citations omitted).

To the extent that Appellants seek to make a facial challenge to the constitutionality of the Bylaws, as we have explained, we lack jurisdiction over that issue. Id. at 9 n.4. No other types of challenges to the Bylaws' validity are raised in the Statement of Questions, either explicitly or implicitly. In re Atwood Planned Unit Dev., 2017 VT 16, ¶ 12, 204 Vt. 301. Even if such an issue were jurisdictional, however, these requests are highly disproportionate to the needs of this case, which involves an allegedly unpermitted structure in a front yard setback pursuant to local zoning. The Town has provided its authorization under Vermont law to enact zoning regulations.

Lastly, in response to Request to Produce 12, the Town provided the relevant meeting minutes of the Selectboard's hearing and vote to adopt the Bylaws. The Town further argues that under 24

4

V.S.A. § 4483(b), the two-year statute of limitations precludes any procedural challenges to the Bylaws' adoption. Accordingly, what the Town has provided in response to this Request is sufficient, and any additional discovery on this issue is not relevant to the NOV.

For all these reasons, we **DENY** Appellants' motion with respect to Requests to Produce 11 and 12.

Requests to Produce 13 through 15 seek documents, including communications, between the Town and Shea Property Services, its agents, Aaron Shea, and the Shea's attorney, Brice Simon (together, the Sheas). These requests are related to Appellants' allegations of fraud, harassment, and other criminal activities between the Town and the Sheas. Again, this is a de novo appeal of the NOV. This Court is not concerned with the proceedings below, or the involvement of any parties not presently before the Court. In re Malav, Inc. NOV Appeal, No. 22-ENV-00101 slip op. at 9 (Vt. Super. Ct. Envtl. Div. April 28, 2023) (Walsh, J.) (citations omitted). In this appeal, this Court will determine anew whether the NOV was properly issued under the Bylaws. Id. (citations omitted). The Shea's alleged involvement before the DRB is not relevant to our narrow de novo review and any alleged impropriety is cured on appeal. Accordingly, we **DENY** Appellants' motion with respect to Requests to Produce 13 through 15.

Request to Produce 16 seeks details regarding an investigation of the Town Zoning Administrator following an unidentified complaint. In its initial response, the Town asked for clarification regarding "our complaint." Appellants did not provide any further detail in their response which would provide the Town with the requisite information to respond to this Request. Accordingly, **DENY** Appellants' motion with respect to Request to Produce 16.

Requests to Produce 17 and 18 seek emails that were reviewed by the DRB regarding the storage container and communications with the Vermont Agency of Agriculture Food and Markets, also related to the storage container. In response, the Town provided responsive documents and, in response to the pending motion, it argues that it has provided all responsive records. Appellants, however, maintain that the Town is hiding relevant facts and has not fully complied with their request. Appellants point to no information that the Town is withholding that would be responsive. With the Town having answered Appellants' Requests, there is nothing for the Court to compel and Appellants motion with respect to these Requests to Produce is **DENIED**. To the extent that the Town has not disclosed any additional records responsive to these requests, they will be precluded from offering such records at trial.

Request to Produce 19 seeks records of an investigation into damage at Appellants' Property. This request is related to Appellants' argument that the Town has deliberately maintained the roads to encroach on the Property, thus altering the setback distances. The Town initially objected to this Request but has since supplemented its response with available records. Accordingly, there is nothing for the Court to compel and Appellants motion with respect to this Request to Produce is **DENIED**. To the extent that the Town is withholding any additional documents responsive to this request, which are relevant to this appeal, it will be precluded from offering such documents at trial.

Requests to Produce 20 and 21 generally seek information and/or documents about road impacts on health, safety, and welfare to properties located near town highways. In responding to the Town's relevancy objections, Appellants suggest that the Town has been deliberately placing Appellants in jeopardy by blowing lead dust onto the Property. This allegation and information sought in these Requests are unrelated to the present appeal in which Appellants are challenging the NOV, which relates to the placement of a storage container allegedly within a setback in violation of the Bylaws. Thus, we **DENY** Appellants' motion with respect to Requests to Produce 20 and 21.

Request to Produce 22 seeks all documents and evidence related to the 75-foot setback requirement which support safety, health, and welfare. The Town has provided Appellants with its legal justification for the setbacks by citing to In re Letourneau, 168 Vt. 539 (1998). Appellants argue in response that the Town cannot justify its setback. This exchange is not a discovery request but gets to the legal arguments in this case. Accordingly, there is nothing for the Court to compel and Appellants motion with respect to this Request to Produce is **DENIED**.

Finally, Requests to Produce 23 through 25 seek information about the Town's drug testing policy, as well as a list of all businesses owned by Town employees and agents. These Requests are clearly outside the scope of this appeal and would not lead to the discovery of any admissible evidence within the confines of this limited appeal of the NOV. Appellants' motion to compel with respect to these Requests to Produce is **DENIED**.

We now turn to Appellants' interrogatories.

Interrogatories 4 and 5 ask the Town to explain why it engaged in illegal activities, including encroachment and fraud related to the Town's maintenance of area roads. The information sought in these interrogatories is irrelevant to the limited scope of this zoning appeal. Appellants, in their motion, argue that the allegations in these Interrogatories are true and that they have evidence thereof. Even assuming, *arguendo*, that this assertion is true, Appellants present no basis to conclude that this information is at all likely to lead to the discovery of admissible evidence within the context of this

Court's limited jurisdiction and review in this appeal. Accordingly, we **DENY** Appellants motion with respect to Interrogatories 4 and 5.

Interrogatory 6 seeks information as to why the Town did not conduct a site visit at the Property. The Town responded to Interrogatory 6, and therefore there is nothing to compel. Accordingly, Appellants' motion with respect to Interrogatory 6 is **DENIED**.

Interrogatory 7 asks the Town to explain why it is refusing to honor a 2016 settlement agreement allegedly between the parties related to flood damage at the Property. The Town argues that this question assumes disputed facts as true and is not relevant to any issue before the Court. In response, Appellants make no showing that the requested information is likely to lead to the discovery of admissible evidence. Any dispute regarding the relevancy of this purported 2016 Settlement Agreement shall be taken up at trial. At this time, however, Appellants have not shown how this agreement is remotely relevant to the issues before the Court. Accordingly, Appellants' motion with respect to Interrogatory 7 is **DENIED**.

Interrogatory 8 asks the Town to explain why it has repeatedly harmed the Property. The Town objected to the Interrogatory as impermissibly vague because it fails to refer to any specific harms. Furthermore, it is argumentative and assumes disputed facts, such that the Town would otherwise be unable to respond, even if relevant to this appeal. In response to this objection, Appellants have provided no clarity as to the information sought through this Interrogatory and how it would be connected to the pending appeal of the underlying NOV. Accordingly, Appellants' motion with respect to Interrogatory 7 is **DENIED**.

Interrogatories 9 through 11 are also clearly outside the scope of these proceedings. Interrogatory 9 asks why the Town failed to recognize and enforce Appellants' property rights by disrupting their water access. Next, Interrogatory 10 asks why the Town supports the use, cultivation, and distribution of Schedule 1 substances. Finally, Question 11 asks why the Town has allowed fraudulent deeds to be approved to deprive neighbors of their property rights. Appellants do not show how any of these questions are relevant to these proceedings. Accordingly, we **DENY** Appellants' motion with respect to Interrogatories 9 through 11.

Lastly, with respect to sanctions, there has been no showing that the Town failed to comply with its discovery obligations. Accordingly, we **DENY** Appellants' Rule 37 request for sanctions against the Town.

## Conclusion

For the forgoing reasons, we conclude that the Town has either responded, or properly objected to the scope, form, or relevancy of the disputed requests. Accordingly, Appellants' motion to compel is **DENIED.** Similarly, there is no basis to award sanctions and Appellants' request is **DENIED**.

On or before Friday December 13, 2024, the parties shall file their dates of unavailability for a merits hearing in February and March 2025. The Court will set this matter for a final pre-trial conference and merits hearing.

Electronically signed November 25, 2024 pursuant to V.R.E.F. 9(D).

Thomas G. Walsh, Judge
Superior Court, Environmental Division